# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BRENT LEE RHODES, an individual,   )
                                   )
          Plaintiff,          )
                                   )
vs.                                )   Case No. CIV-15-120-M
                                   )
KENNETH BETHUNE, an individual,    )
                                   )
          Defendant.          )

## **ORDER**

Before the Court is defendant's Motion for Summary Judgment, filed January 19, 2016. On February 17, 2016, plaintiff filed his response, and on February 24, 2016, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On January 21, 2011, plaintiff Brent Lee Rhodes ("Rhodes") brought *Brent L. Rhodes v. Southern Nazarene University*, Case No. CIV-11-71-F, ("Underlying Lawsuit") in this Court. Rhodes was initially represented by Timothy Beets ("Beets"). Following an Amended Complaint and a Motion to Dismiss, the claims that remained against Southern Nazarene University ("SNU") were brought under Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RAC"), and the Oklahoma Anti-Discrimination Act ("OADA"). Rhodes alleged that SNU violated those statutes in two ways: (1) by failing to provide Rhodes with reasonable accommodations as a disabled person, and (2) by SNU's retaliatory treatment of Rhodes, including issuing an emergency suspension of Rhodes, for pursuing accommodations and complaining about his treatment as a disabled student.

Beets withdrew from the Underlying Lawsuit in February 2012. After Beets' withdrawal, Rhodes proceeded *pro se* until defendant Kenneth Bethune ("Bethune") entered his appearance on

behalf of Rhodes on April 11, 2012. On November 30, 2012, SNU filed a motion for summary judgment. The Court granted SNU's motion for summary judgment on January 31, 2013. Rhodes appealed the Court's decision *pro se*, and the Tenth Circuit affirmed the Court's ruling on January 30, 2014.

On February 2, 2015, Rhodes filed the instant action against Bethune, and on May 14, 2015, Rhodes filed an Amended Complaint. In his Amended Complaint, Rhodes asserts the following causes of action against Bethune: (1) negligence – legal malpractice, (2) breach of contract, (3) breach of fiduciary duty, (4) extrinsic fraud, and (5) punitive damages. All of Rhodes' causes of action arise out of allegations that Bethune failed to properly represent Rhodes in the Underlying Lawsuit. Bethune now moves for summary judgment as to all of Rhodes' causes of action.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

    A. Legal malpractice cause of action

In order to prevail on a legal malpractice claim, Rhodes must establish the following: (1) the existence of an attorney-client relationship, (2) breach of a lawyer's duty to the client, (3) facts constituting the alleged negligence, (4) a causal nexus between the lawyer's negligence and the resulting injury or damage, and (5) but for the lawyer's conduct, the client would have succeeded in the action. *See Manley v. Brown*, 989 P.2d 448, 452 (Okla. 1999) (internal citation omitted). Bethune asserts that Rhodes cannot prove that but for Bethune's actions, he would have succeeded in the Underlying Lawsuit. Specifically, Bethune contends Rhodes' causes of action against SNU were moot and, therefore, Rhodes would not have succeeded in the Underlying Lawsuit.

> Under Title III of the ADA, [a plaintiff] may seek only injunctive relief. § 12188(a). When a party seeks only equitable relief, as here, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects. A request for prospective relief can be mooted by a defendant's voluntary cessation of the challenged activity if it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.

*Chambers v. Melmed*, 141 F. App'x 718, 720 (10th Cir. 2005) (internal quotations and citations omitted).

Bethune asserts that Rhodes' ADA claims against SNU were moot because he no longer attended SNU, had not attended SNU since he was placed on emergency suspension on May 5, 2009, and admitted in his deposition that he would not attend SNU in the future even though he had

3

been in good standing since December 2010. In his response, Rhodes contends that his ADA claims "are possibly not moot because while he had no current plans to return to SNU, the possibility of graduate study at SNU or elsewhere is not out of the question". Plaintiff Brent Lee Rhodes' Response to Motion for Summary Judgment and Brief in Support at 10. Rhodes, however, does not submit any affidavit from him, or any other evidence, to support this contention.

Having carefully reviewed the parties' submissions, and particularly Rhodes' deposition testimony, the Court, based upon the undisputed evidence that Rhodes would not be attending SNU in the future, finds that there is no reasonable chance of recurrence of the challenged conduct and that Rhodes' ADA claims against SNU, therefore, were moot. Because Rhodes' ADA claims in the Underlying Lawsuit were moot, the Court finds that Rhodes would not have succeeded on his ADA claims in the Underlying Lawsuit regardless of Bethune's conduct.

Bethune asserts that unless Rhodes is able to show that he would have been entitled to something other than equitable or declaratory relief, his RAC claims were moot for the same reasons as his ADA claims. In the Underlying Lawsuit, Rhodes sought damages for emotional distress under the RAC. The Eleventh Circuit has held that emotional distress damages are available for intentional violations of § 504 of the RAC.[1] *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173 (11th Cir. 2007). Bethune, however, contends that there is no evidence from the Underlying Lawsuit to show that SNU's actions were intentional or motivated by a discriminatory intent and, therefore, the only relief Rhodes may have been entitled to under the RAC was equitable or

---

[1]The Tenth Circuit has not spoken as to this issue. For purposes of this Order, the Court assumes that the Tenth Circuit would also find that emotional distress damages are available for intentional violations of § 504 of the RAC.

injunctive relief. Bethune, thus, contends that Rhodes cannot show that but for Bethune's actions, he would have prevailed on his RAC claims.

Having carefully reviewed the parties' briefs and evidentiary submissions, and viewing the evidence in the light most favorable to Rhodes and viewing all reasonable inferences in Rhodes' favor, the Court finds Rhodes has failed to show that he could have proved that SNU intentionally discriminated against him. Specifically, the Court finds that Rhodes has presented no evidence showing that SNU's actions were intentional or motivated by a discriminatory intent. The Court, therefore, finds that Rhodes would not have been entitled to emotional distress damages and would have been limited to equitable or injunctive relief. Additionally, based upon the undisputed evidence that Rhodes would not be attending SNU in the future, the Court finds that there is no reasonable chance of recurrence of the challenged conduct and that Rhodes' RAC claims against SNU, therefore, were moot. Because Rhodes' RAC claims in the Underlying Lawsuit were moot, the Court finds that Rhodes would not have succeeded on his RAC claims in the Underlying Lawsuit regardless of Bethune's conduct.[2]

Accordingly, the Court finds that Bethune is entitled to summary judgment as to Rhodes' legal malpractice cause of action.

---

[2]The version of the OADA applicable to Rhodes' claims in the Underlying Lawsuit provided that the purpose of the act was to incorporate the policies of the RAC. The Court, therefore, finds that Rhodes' OADA claims would have failed for the same reason as his RAC claims.

B.  Breach of contract cause of action[3]

In order to prevail on a breach of contract claim, Rhodes must establish the following: (1) formation of a contract between Rhodes and Bethune, (2) Bethune breached the contract, and (3) Rhodes suffered damages as a direct result of the breach. *See* Oklahoma Uniform Jury Instructions, Instruction No. 23.1. Rhodes' breach of contract claim is based upon the same allegations as his legal malpractice claim. Specifically, Rhodes asserts that Bethune breached the contract entered into by Rhodes and Bethune by failing to properly represent Rhodes in the Underlying Lawsuit. Because this Court has previously found that Rhodes would not have succeeded on his claims in the Underlying Lawsuit regardless of Bethune's conduct, the Court finds that Rhodes cannot establish that he suffered damages as a direct result of the alleged breach of contract. Accordingly, the Court finds that Bethune is entitled to summary judgment as to Rhodes' breach of contract cause of action.

C.  Breach of fiduciary duty cause of action

Bethune asserts that Rhodes' breach of fiduciary duty cause of action is not a true breach of fiduciary duty claim but is in essence a breach of contract/legal malpractice claim. Specifically, Bethune asserts that Rhodes' allegations related to his claim for breach of fiduciary duty are related to Bethune's duty of care, as opposed to responsibilities related to Rhodes' trust and confidence, and, therefore, Rhodes' breach of fiduciary duty cause of action should be analyzed under the same standard used for his breach of contract and legal malpractice causes of action. In his response,

---

[3] In his motion, Bethune asserts that under Oklahoma law, Rhodes' breach of contract and legal malpractice claims should be treated as one claim – a tort claim for legal malpractice. The Oklahoma Supreme Court, however, has held that a party may bring a claim based in both tort and contract against a professional and that such action may arise from the same set of facts. *See Great Plains Fed. Sav. and Loan Ass'n v. Dabney*, 846 P.2d 1088, 1092 (Okla. 1993). This Court, thus, will address Rhodes' breach of contract claim and legal malpractice claim separately.

Rhodes does not dispute Bethune's assertions. Accordingly, the Court will treat Rhodes' breach of fiduciary duty cause of action as if it were a breach of contract/legal malpractice cause of action. Because this Court has found that Bethune is entitled to summary judgment as to Rhodes' legal malpractice and breach of contract causes of action, the Court finds that Bethune is also entitled to summary judgment as to Rhodes' breach of fiduciary duty cause of action.

### D. Fraud cause of action

Bethune asserts that Rhodes' fraud cause of action is, in fact, a retread of his legal malpractice and breach of contract causes of action and should, therefore, be analyzed under the same standard used in relation to his legal malpractice and breach of contract causes of action. In his response, Rhodes asserts that his fraud cause of action is not the same as his legal malpractice and breach of contract causes of action but is based upon Bethune's alleged misrepresentations regarding his experience with disability law and his misrepresentation regarding having malpractice liability insurance. However, in his Amended Complaint, Rhodes makes no reference to any misrepresentations regarding Bethune's experience or regarding Bethune having malpractice liability insurance; Rhodes' fraud cause of action is solely based upon the same allegations and contentions he makes in relation to his legal malpractice and breach of contract causes of action. Accordingly, for the same reasons set forth above, the Court finds that Bethune is entitled to summary judgment as to Rhodes' fraud cause of action.

### E. Punitive damages cause of action

As this Court has found that Bethune is entitled to summary judgment as to all of Rhodes' substantive causes of action, the Court finds Rhodes' punitive damages cause of action fails as a

matter of law. Accordingly, the Court finds that Bethune is entitled to summary judgment as to Rhodes' punitive damages cause of action.

IV. Conclusion

For the reasons set forth above, the Court GRANTS Bethune's Motion for Summary Judgment [docket no. 60].

**IT IS SO ORDERED this 26th day of July, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE